UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LLOYD GEORGE MORGAN, JR.

    v.

COMMISSIONER JAMES DZURENDA, ET AL.

Case No. 3:14CV966(SRU)

## RULING ON MOTION TO SEAL

On June 30, 2014, the plaintiff filed a civil rights Complaint against twenty-one employees of the State of Connecticut Department of Correction. He also filed a motion to seal the entire case. For the reasons set forth below, the motion to seal is denied.

The public's right of access to court proceedings and records is deeply rooted in both our common law and the First Amendment and has been recognized by both the United States Supreme Court and the Court of Appeals for the Second Circuit. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980) (presumption of openness of criminal trials); *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597-98 (1978) (presumption of open access to applies to records admitted into evidence in a criminal trial); *Newsday LLC v. County of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013) (First Amendment right of access to criminal trials "applies 'to civil trials and to their related proceedings and records'") (quoting *N.Y. Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 298 (2d Cir. 2012)); *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 126 (2d Cir. 2006) ("First Amendment right of access to documents submitted to the court in connection with a summary judgment motion"); *Harford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004) (qualified First Amendment right of access to docket sheets in civil and criminal cases). Thus, there is a strong presumption against sealing court records and pleadings from the public.

A party may overcome the presumption against sealing documents in civil cases by demonstrating that sealing will further other substantial interests such as a third party's personal privacy interests, the public's safety or preservation of attorney-client privilege.  *See Lugosch*, 435 F.3d at 125 (attorney-client privilege); *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008) (national security), *cert. denied*, 556 U.S. 1107 (2009); *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) (law enforcement interests and privacy of innocent third parties).  Motions to seal documents must be "carefully and skeptically review[ed] . . . to insure that there really is an extraordinary circumstance or compelling need" to seal the documents from public inspection.  *Video Software Dealers Assoc. v. Orion Pictures*, 21 F.3d 24, 27 (2d Cir. 1994).   Thus, only when a judge makes "specific findings on the record demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest," should a judge grant a motion to seal documents.

A complaint, including its attachments, is a pleading that is essential to the Court's adjudication of a civil case.  Thus, it is clearly a judicial document.  *See United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) (document or paper filed in a case "must be relevant to the performance of the judicial function and useful to the judicial process in order for it to be designated as a judicial document").  Access to the allegations in a complaint is also essential to the public's need to monitor federal courts.  Thus, the court applies a strong presumption in favor of public access when analyzing a complaint.

The plaintiff's Complaint includes allegations that he did not want to be transferred to Osborn Correctional Institution ("Osborn") because of incidents that occurred back in the late 1980's and early 1990's, other inmates threatened him and damaged his television and the warden denied his request for protective custody during his confinement at Carl Robinson Correctional

Institution from July to November 2013 and an inmate who was a member of a gang assaulted him in the shower on one occasion in January 2014 during his confinement at Osborn from November 2013 to June 2014 and prison officials at Osborn refused to grant his requests to be placed in protective custody or special needs management housing.

In the motion to seal the Complaint and case, the plaintiff generally asserts that by permitting the public to view the allegations in the Complaint and other documents filed in the case, his life, safety and security would be in danger.  He claims that his family could be murdered by the "Bloods Gangs and others as mention in this Complaint."  He then goes on to assert that the Complaint includes allegations that on January 5, 2014, he was assaulted by a Los Solidos gang member at Osborn.  He generally claims that during his incarceration within the Department of Correction he has asserted complaints against various gang members and has been threatened by gang members.

The plaintiff seeks to seal the Complaint and the case generally.  Case law and local rules within this district expressly disfavor the blanket sealing of an entire case.  *See* D. Conn. L. Civ. R. 5(e)(2) ("Except as permitted or required by federal law, no civil case shall be sealed in its entirety."); D. Conn. L. Civ. R. 5(e)(3) ("No document shall be sealed merely by stipulation of the parties."); *Crossman v. Astrue*, 714 F. Supp. 2d 284, 290 (D. Conn. 2009) (denying plaintiff's request for "blanket order allowing [him] to file every document under seal"); *Jadwalean Int'l Co. For Operations & Mgmt v. United Tech. Corp.*, 3:09-CV-18(JCH) 2009 WL 10604495, at *1 (D. Conn. Apr. 17, 2009) (rejecting blanket sealing request because sealing determination must be undertaken during "a careful document-by-document review . . . and [in] consider[ation of] whether the requested order is no broader than necessary to serve the interests that require protection"); *Suntoke v. PSEG Power Connecticut LLC.*, No. 3:06-CV-1520 (JCH), 2007 WL 1455847, at *1 (D. Conn. May 16, 2007) ("A blanket sealing order such as that apparently requested would rarely, if

ever, be appropriate.").

The plaintiff is currently housed at Corrigan-Radgowski Correctional Institution. There are no allegations that the plaintiff has been assaulted or harmed since the incident in January 2014 at Osborn. The plaintiff has failed to identify higher values or sufficiently compelling reasons to warrant an order from the court shielding the Complaint or the case from the public's view. *See E.E.O.C. v. Kelley, Drye & Warren LLP*, No. 10 Civ. 655, 2012 WL 691545, at *3 (S.D.N.Y. Mar. 2, 2012) ("[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy test [for sealing judicial documents].") (internal quotation marks and citation omitted); *MacroMavens, LLC v. Deutsche Bank Securities, Inc.*, No. 09 Civ. 7819, 2011 WL 1796138, at *2 (S.D.N.Y. Apr. 27, 2011) (denying request to seal judicial documents because "plaintiff did not make particularized showing of the injury that public disclosure of this information would cause"); *Keenan v. Town of Gates*, 414 F. Supp. 2d 295, 296 (W.D.N.Y. 2006) (denying motion to seal entire case because the plaintiff failed to "set forth facts sufficient to overcome presumption of public access" ). Thus, the plaintiff has failed to overcome the strong presumption in favor or public access to civil Complaints and cases. The motion to seal the Complaint and other documents in the case is denied.

## Conclusion

The Motion to Seal [**Doc. No. 3**] is **DENIED**. The Clerk is directed to unseal the Complaint and other documents filed in this case.

SO ORDERED in Bridgeport, Connecticut, this 4th day of November, 2014.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge