UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

LLOYD GEORGE MORGAN, JR.
    Plaintiff,

v.                                            CASE NO. 3:14-cv-966(VAB)

COMMISSIONER JAMES E. DZURENDA, ET AL.,
    Defendants.

**RULING AND ORDER**

The plaintiff, Lloyd George Morgan, Jr., is currently incarcerated at Corrigan-Radgowski Correctional Institution ("Corrigan-Radgowski") in Uncasville, Connecticut. He commenced this action by filing a Complaint *pro se* under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 against numerous employees of the State of Connecticut Department of Correction.

On November 21, 2014, the court dismissed the Fifth, Sixth, and Fourteenth Amendment claims, the ADA claims against all defendants, and the prison transfer claims against defendants Semple and Lewis pursuant to 28 U.S.C. § 1915A(b)(1) and dismissed the claims against the defendants for monetary damages in their official capacities pursuant to 28 U.S.C. § 1915A(b)(2). The court concluded that the Eighth Amendment claims of failure to protect and deliberate indifference to safety, the First Amendment retaliation claims, and the state law claims of negligence and intentional infliction of emotional distress should proceed against defendants Dzurenda, Semple, Quiros, Lewis, Chapdelaine, Warden Maldonado, Whidden, Wright, Barone, McCormick, Godding, Manning, Ott, Lizon, Officer Maldonado, Lindsey, Clayton, Torres,

1

Gonzalez, Leiper and Ulm in their individual capacities and official capacities. Pending before the court is Mr. Morgan's motion for miscellaneous relief and the defendants' motions for leave to file electronically and for extension of time to respond to the Complaint.

After careful consideration of these motions, the Court has determined the following:

(1) Mr. Morgan's request for appointment of counsel is denied;

(2) Mr. Morgan's request for three free copies of the Complaint is denied;

(3) Mr. Morgan's request for injunctive relief is denied;

(4) defendants' motion to file electronically is denied; and

(5) defendants' motion for extension of time to respond to the Complaint is granted, and defendants shall respond to the Complaint on or before March 9, 2015.

## I.     Motion for Reasonable Consideration [Doc. No. 10]

The plaintiff seeks injunctive relief, the appointment of *pro bono* counsel and free copies of the Complaint. For the reasons set forth, these requests are denied.

### A.     Request for Appointment of Counsel

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. *See, e.g., Hendricks v. Coughlin*, 114 F.3d 390, 393 (2d Cir. 1997); *Cooper v. A. Sargenti Co.*, 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). The plaintiff has failed to make the requisite showing here.

Mr. Morgan generally asserts that he has contacted attorneys seeking assistance with this case. He claims that, in October 2014, he contacted an attorney at the law firm of Shipman and Goodwin LLP, who indicated that he might be able to represent the plaintiff as *pro bono* counsel. In the alternative, the attorney stated that he might be able to find an associate at the firm who would be willing to act as *pro bono* counsel. The Clerk has contacted the attorney at Shipman & Goodwin. He is not available to represent the plaintiff, but plans to make inquiries to determine whether another attorney at the firm might be available. The plaintiff is free to follow-up with the attorney directly by sending him a letter or calling him. This one documented attempt, however, is insufficient to show that the plaintiff cannot find representation on his own.

Mr. Morgan also states that he has a conflict of interest with certain attorneys at the Inmates' Legal Assistance Program, but provides no proof that any attorneys from the Inmates' Legal Assistance Program have informed him that they could not or would not assist him in litigating this case.

As a result, Mr. Morgan has not demonstrated that he is unable to find an attorney willing to represent him or assist him with this action. The possibility of the plaintiff securing legal assistance or representation independently precludes appointment of counsel by the court at this time.

B.   **Request for Free Copies of the Complaint**

Mr. Morgan also asks the Clerk to send him three free copies of the Complaint and any exhibits attached to the Complaint. The plaintiff does not satisfy the applicable legal standard for obtaining these copies without payment.

While the court has granted Mr. Morgan leave to proceed *in forma pauperis*, this

status does not automatically entitle him to free copies of documents or rulings. *See Collins v. Goord*, 438 F. Supp. 2d 399, 416 (S.D.N.Y. 2006) ("inmate[s] ha[ve] no constitutional right to free [photo]copies"); *Guinn v. Hoecker*, 43 F.3d 1483 (10th Cir. 1994) (28 U.S.C. § 1915 does not include right to free copy of any document in record; court may constitutionally require indigent plaintiff to demonstrate need for free copy), *cert. denied*, 514 U.S. 1118 (1995); *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990) (28 U.S.C. § 1915 "does not give the [prisoner] litigant a right to have documents copied and returned to him at government expense"); *Douglas v. Green*, 327 F.2d 661, 662 (6th Cir. 1964) ( 28 U.S.C. § 1915 does not include the right to receive copies of court orders without payment).  The law instead requires Mr. Morgan to demonstrate the need for these copies.  Here, the complaint with attached exhibits—a document of plaintiff's creation—is 113 pages in length.  His request for the three copies of this filing is a request for several hundred pages of free copies with no basis whatsoever for why this expense should be shifted to the taxpayers.  As a result, the plaintiff's request for three free copies of the complaint is denied.

If the plaintiff would like a copy of the complaint, he may send a letter to the Clerk accompanied by a check or money order payable to the Clerk of Court in the amount of $56.50.[1]  Any letter to the Clerk should be addressed to the United States District Court for the District of Connecticut, Office of the Clerk, 915 Lafayette Boulevard, Bridgeport, Connecticut 06604.  If the plaintiff cannot afford the copying charge, he may file a renewed motion with the court identifying the document he seeks to have copied and

---

[1] The Clerk's Office per-page copying charge is fifty cents.  For each page of a double-sided document, the cost would be fifty cents for each side or $1.00 per sheet.  The fee of $56.50 represents the cost of one copy of the Complaint with attached exhibits.  If Mr.

4

the reasons the copy is needed.  The motion must be accompanied by a copy of his inmate account balance in order to demonstrate his inability to pay for the copy.

### C.     Request for Injunctive Relief

Mr. Morgan claims that on September 16, 2014, he was incarcerated at Garner Correctional Institution ("Garner").  On that date, an inmate who was a member of a gang punched him in the nose and officers called him a snitch.  He claims that Intelligence Officers at Garner ordered that he be investigated because of the grievances he had filed and complaints he had lodged against correctional staff.  Other correctional employees at Garner informed the plaintiff that they considered him to be a snitch because he had filed grievances and complaints about the conduct of correctional staff.  Mr. Morgan alleges that staff members at Garner conspired to tear pages from some of his legal books as well as his legal briefs and to steal some of his books, copies of grievances, incident reports and inmate requests.  Staff members also kept him in segregation and threatened him.  He asks the court to investigate these allegations.

The Second Circuit has held that an inmate's requests for injunctive and declaratory relief against correctional staff or conditions of confinement at a particular correctional institution become moot when the inmate is discharged or transferred to a different correctional institution.  *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006); *Mawhinney v. Henderson*, 542 F.2d 1, 2 (2d Cir. 1976).  *See also Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed").  Other courts

---

Morgan requires three copies as requested, the cost would be $169.50.

concur with this result. *See, e.g., McAlpine v. Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (noting that an inmate's claim for prospective injunctive relief regarding conditions of confinement is rendered moot upon his release from confinement).

Mr. Morgan's Complaint includes allegations about conditions of confinement and staff conduct at Carl Robinson Correctional Institution from July to November 2013 and Osborn Correctional Institution from November 2013 to May 2014. The plaintiff's motion includes allegations regarding conditions at Garner in September 2014. The plaintiff, however, is no longer confined at Garner. He states in his motion, that on or about October 20, 2014, prison officials at Garner transferred him to Corrigan-Rodgowski. The plaintiff makes no complaints about conditions at Corrigan-Radgowski. Thus, the relief sought by Mr. Morgan relating to conditions at Garner is no longer needed.

Furthermore, the court must have *in personam* jurisdiction over a person before it can validly enter an injunction against him or her. *See Doctor's Assocs., Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302 (2d Cir. 1999); 11A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2956, at 335 (2d ed. 2001) ("A court ordinarily does not have power to issue an order against a person who is not a party and over whom it has not acquired in personam jurisdiction."); Fed. R. Civ. P. 65(d) (providing, in pertinent part, that "[e]very order granting an injunction . . . is binding only upon the parties to the action"). The individuals at Garner whom the plaintiff seeks to enjoin are not defendants in this action. Accordingly, for all of the reasons set forth above, the request seeking injunctive relief is denied.

**II.      Motion to File Electronically [Doc. No. 35]
            Motion for Extension of Time to Respond to Complaint [Doc. No. 36]**

Counsel for the defendants seeks leave to file documents electronically.

Because the plaintiff is not currently incarcerated at a facility that participates in the prisoner efiling program, the motion for leave to file electronically is denied. Counsel also seeks an extension of time until to file a response to the Complaint. The motion is granted. The defendants shall respond to the Complaint on or before March 9, 2015.

### Conclusion

The Plaintiff's Motion for Reasonable Consideration [**Doc. No. 10**] is **DENIED in all respects**. The Defendants' Motion to File Electronically **[Doc. No. 35]** is **DENIED**. The defendants' Motion for Extension of Time [**Doc. No. 36**] to respond to the Complaint are **GRANTED**. **The defendants shall respond to the Complaint on or before March 9, 2015. Discovery shall be completed by July 7, 2015 and Summary Judgment motions, if any, shall be filed by August 6, 2015.**

**SO ORDERED** at Bridgeport, Connecticut this 17th day of February, 2015.

    /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE