UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LLOYD GEORGE MORGAN, JR.,
    Plaintiff,

v.

COMMISSIONER DZURENDA, ET AL.,
    Defendants.

CASE NO. 3:14-cv-966 (VAB)

### RULING ON PENDING MOTIONS

Plaintiff, Lloyd George Morgan, Jr., is currently confined in the MacDougall building at the MacDougall-Walker Correctional Institution in Suffield, Connecticut. He initiated this action by filing a civil rights complaint *pro se* pursuant to 42 U.S.C. § 1983 against Commissioner James E. Dzurenda, Warden/Deputy Commissioner Scott S. Semple, District Administrator Angel Quiros, Director of Offender Classification Karl Lewis, Wardens Carol Chapdelaine, Edward Maldonado, and Christine M. Whidden, Deputy Wardens Gary Wright and Sandra Barone, Captains McCormick and K. Godding, Unit Managers Manning and Jean Ott, Lieutenant Lizon, and Correctional Officers Maldonado, Lindsey, Clayton, Torres, Gonzalez, Leiper, and Ulm. Plaintiff asserted various claims related to his confinement at Garner, Carl Robinson, and Osborn Correctional Institutions from August 2012 to May 2014.

On September 29, 2015, the Court granted in part and denied in part Defendants' motion to dismiss. The following claims now remain in this case: (1) The January 2014 failure to protect claim against defendants Godding, Chapdelaine, McCormick, Lindsey, and Correctional Officer Maldonado; (2) the claim that defendants Gonzalez, Torres, Ulm, Leiper, and Clayton were deliberately indifferent to Plaintiff's safety when they called him a snitch in front of other inmates; (3) the claim that defendants Lizon, Wright, Warden Maldonado, Manning, Jeanott, Barone,

Dzurenda, Semple, Lewis, and Quiros failed to take any action to protect the plaintiff from potential harm as a result of the conduct of defendants Gonzalez, Torres, Ulm, Leiper and Clayton; (4) the specific claims of retaliation against defendants Whidden and Warden Maldonado; and (5) the request for punitive and compensatory damages.  Mr. Morgan now moves for this Court to grant an investigation, injunctive relief and a motion for relief from a judgment or order and for reasonable consideration.  For the reasons set forth below, the motions are DENIED.

### I. Motion for Emergency Investigation, Consideration and Relief from Judgment [Doc. No. 58]

Plaintiff seeks a preliminary injunction against employees at Corrigan-Radgowski Correctional Institution ("Corrigan").  He claims that three officers at Corrigan have intimidated his two sisters as well as himself.  He contends that the three officers have threatened to harm his sisters and kill him for exercising his rights.  In addition, other officers allegedly have conspired to steal his legal property and family photographs and have labeled him a pedophile.  He claims that the Office of the Attorney General has offered to pay correctional officers to "shake down" and "sabotage" this case. Mot. Injunct. Relief, Doc. No. 58, at 3.  He asserts that from November 14, 2015 to December 3, 2015, he was held in the segregation unit at Corrigan and various officers denied him access to legal mail and books as well as visits by attorneys and the state police.  After December 1, 2015, officers would not permit the plaintiff to make legal telephone calls.  He states that officers at Corrigan filed motions to settle and withdraw the complaint in this action.

On December 3, 2015, officials at Corrigan transferred the plaintiff to MacDougall. Plaintiff contends that officers at Corrigan have a device that can "shake down" his brain in order to know what he is thinking and to monitor his conversations with other inmates and visitors.  In addition, they have the ability to steal his handwriting in order to forge documents and motions. Plaintiff believes that the officers at Corrigan are able to follow every move that he makes at

2

Corrigan with their listening devices. *See id.* at 4.

The allegations in the motion are unrelated to the allegations in the complaint. In the motion, Plaintiff seeks (1) to reopen this case, (2) an investigation by the United States Department of Justice and the Federal Bureau of Investigation, and (3) the prosecution of anyone who has attempted to sabotage the case.

Preliminary injunctive relief "is an extraordinary and drastic remedy . . . that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted). In this circuit, the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party must demonstrate (a) that he or she will suffer "irreparable harm" in the absence of an injunction, and (b) either (1) a "likelihood of success on the merits or (2) sufficiently serious questions going to the merits [of the case] to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting preliminary injunctive relief." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011) (internal quotation marks omitted).

The Second Circuit has held that an inmate's requests for injunctive and declaratory relief against correctional staff or conditions of confinement at a particular correctional institution become moot when the inmate is discharged or transferred to a different correctional institution. *See Shepherd v. Goord*, 662 F.3d 603, 610 (2d Cir. 2011) ("'[i]n this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory or injunctive relief against officials at that facility'") *(quoting Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006)); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed").

Plaintiff is no longer confined at Corrigan. He is now incarcerated at MacDougall. Thus, the relief sought by Plaintiff relating to conditions at Corrigan and to correctional employees who are not defendants in the case is no longer needed. Furthermore, it would be inappropriate for the Court to grant a request for injunctive relief that is unrelated to the claims and the defendants in the complaint. *See De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which relief may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside the issues in the suit."); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); *Lewis v. Johnson*, No. 08-cv-482, 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for preliminary injunction based on actions taken by staff at Great Meadow Correctional Facility in 2010 where complaint alleged wrongdoing by staff at Franklin and Upstate Correctional Facilities in 2006 and 2007).

Accordingly, the request seeking consideration and injunctive relief and an investigation in connection with events that occurred at Corrigan from November to December 2015 is denied.

## II.  Motion for Relief from Judgment or Order [Doc. No. 60]

Plaintiff generally contends that there is a possibility that someone who has a personal vendetta against him has filed a motion to withdraw the case or has attempted to have the case "removed off-line." *See* Mot. Relief J., Doc. No. 60, at 1. Plaintiff does not seek to withdraw this action.

There is no evidence of a motion to withdraw, settle, or dismiss having been filed in this case. Nor has any judgment been entered in the case. Thus, any request to re-instate the case to the

4

docket is denied as moot. Any claim that someone might file a motion to withdraw the case in the future is speculative and not an appropriate basis for the injunctive relief sought. *See Los Angles v. Lyons*, 461 U.S. 95, 111-12 (1983) (speculative, remote or future injury is not the province of injunctive relief); *see also Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 66 (2d Cir. 2007) (to demonstrate irreparable harm, plaintiff must show an "injury that is neither remote nor speculative, but actual and imminent") (citations and internal quotation marks omitted). The motion for relief from judgment/order and for consideration is denied.

## Conclusion

The Motion for Relief of Judgment or Order and for Reasonable Consideration [**Doc. No. 60**] and the Motion for Emergency Investigation, Reasonable Consideration and Relief from Judgment or Order [**Doc. No. 58**] are **DENIED**.

**SO ORDERED** this 4th day of January, 2015, at Bridgeport, Connecticut.

 /s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE