UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

LLOYD GEORGE MORGAN, JR.,
    Plaintiff,

v.                                     CASE NO. 3:14-cv-966 (VAB)

COMMISSIONER DZURENDA, ET AL.,
    Defendants.

### RULING ON PENDING MOTIONS

Plaintiff, Lloyd George Morgan, Jr., is currently confined in the MacDougall building at the MacDougall-Walker Correctional Institution in Suffield, Connecticut ("MacDougall"). Pending before the Court are the plaintiff's motions for extension of time, for appointment of counsel, and to access the court.

### I. Motion for Extension of Time [Doc. No. 68]

On December 29, 2015, Mr. Morgan filed a motion seeking intervention regarding the processing of legal mail and documents to be filed with the Court. The motion included allegations against prison staff at Corrigan-Radgwoski Correctional Institution and prison staff at MacDougall. The defendants filed an objection to the motion on January 22, 2016 and Mr. Morgan seeks a sixty day extension of time to file a reply. The motion is granted in part.[1] Any reply to the defendants' objection to his motion for intervention must be filed on or before March 25, 2016.

### II. Motions for Appointment of Counsel [Docs. Nos. 69, 70]

Mr. Morgan also seeks the appointment of *pro bono* counsel. As a preliminary matter,

---

[1] To the extent that the title of the motion includes requests for reconsideration, relief, reasonable remedy, and settlement conference, the motion does not include any description of the nature of the relief sought and thus is denied in all other respects.

1

civil litigants, unlike criminal defendants, do not have a constitutional right to the appointment of counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (district judges are afforded "broad discretion" in determining whether to appoint *pro bono* counsel for an indigent litigant in a civil case); 28 U.S.C. § 1915(e)(1) ("The court *may* request an attorney to represent any person unable to afford counsel.") (emphasis added). The Second Circuit has made clear that before an appointment is even considered in a civil action, the indigent person must demonstrate that he or she is unable to obtain counsel or legal assistance. *See Hodge*, 802 F.2d at 61.

In the first motion seeking the appointment of counsel, Mr. Morgan indicates that, on January 15, 2016, he was in segregation and unable to meet with an attorney from the Inmates' Legal Aid Program who came to the prison that day. He does not indicate, however, that he has made any attempts to contact the Inmates' legal Aid Program by telephone or letter since January 15, 2016. In the second motion, Mr. Morgan mentions a conflict of interest with the Inmates' Legal Aid Program, but does not otherwise describe the nature of the conflict. The possibility that the plaintiff may be able to secure legal assistance independently precludes appointment of counsel by the court at this time. *See Hodge*, 802 F.2d at 61.

### III.     Motion for Adequate Access to Court [Doc. No. 69]

Mr. Morgan reiterates his allegations regarding mail interference by correctional staff at MacDougall in the first two weeks of December 2015. Those allegations are also included in the plaintiff's pending motion for intervention and remedy. As indicated above, the plaintiff seeks to file a reply to the defendants' objection to that motion. Thus, the present motion for access to court is denied to the extent it raises allegations that will be addressed when the Court rules on

the prior motion for injunctive relief.

In addition, Mr. Morgan claims that, in mid-January 2016, he drafted a new complaint against thirty defendants and attempted to file it with this Court. He contends that a captain at MacDougall stole his lawsuit before it could be filed. He seeks an order directing prison officials to transport him to court to be heard regarding his allegations that prison officials have denied him the opportunity to file documents and new lawsuits.

The Court notes that since his transfer to MacDougall on December 3, 2015, the plaintiff has filed four motions for injunctive relief, one motion for extension of time and one motion for appointment of counsel in this action. Thus, it does not appear that prison officials have hindered the plaintiff from filing motions with the Court or litigating this case.

In addition, Mr. Morgan's allegations that prison officials at MacDougall prevented him from filing a new lawsuit are without merit. On February 11, 2016, the plaintiff filed a complaint naming over thirty defendants. *See Morgan v. Semple*, Case No. 3:16-cv-225 (VAB). The complaint is dated January 28, 2016, and is 299 pages in length. Thus, the plaintiff was able to file his new lawsuit and the case remains pending. Because the plaintiff has not shown that he will suffer imminent harm if the Court does not grant his request for relief, the motion for injunctive relief is denied to the extent that it relates to alleged interference with his legal mail in January 2016.

## Conclusion

Plaintiff's Motion for Extension of Time [**Doc. No. 68**] to file a reply to the defendants' objection [Doc. No. 66] to the motion for intervention and remedy is **GRANTED** in part. Any reply to the defendants' objection must be filed on or before March 25, 2016. This Motion [**Doc.**

**No. 68**] is **DENIED** in all other respects.  The Motions for Appointment of Counsel [**Docs. Nos. 69, 70**] are **DENIED** without prejudice.  Plaintiff may file a new motion at a later stage of the litigation, after he has made additional attempts to secure the assistance of counsel from the Inmate Legal Aid Program.  The Motion for Adequate Access to the Court [**Doc. No. 69**] is **DENIED** to the extent that it relates to alleged interference with his legal mail in January 2016 and **DENIED** without prejudice to the extent that it raises allegations relating to mail interference in December 2015 because those allegations will be addressed when the court rules on the prior motion for injunctive relief [Doc. No. 63].

      **SO ORDERED** this 22nd day of February, 2016, at Bridgeport, Connecticut.


        /s/ Victor A. Bolden
      VICTOR A. BOLDEN
      UNITED STATES DISTRICT JUDGE