UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LLOYD GEORGE MORGAN, JR.,<br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER DZURENDA, ET AL.,<br>    Defendants. | CASE NO. 3:14-cv-966 (VAB) |

**RULING ON PENDING MOTIONS [Doc. Nos. 63, 75, 76, 78, 80, 81, 85, 86]**

Plaintiff, Lloyd George Morgan, Jr., is currently confined at Garner Correctional Institution in Newtown, Connecticut ("Garner"). Pending before the Court are Plaintiff's motions for consideration and remedy, motions for default, and motion for extension of time and Defendants' motions to submit unsigned affidavit and motion to stay. For the reasons set forth below, the motion for extension of time is granted in part and the remaining motions are denied.

    **I.**    **Motion for Consideration, Intervention and Remedy [Doc. No. 63]**

Mr. Morgan complains about interference with his legal mail from November 1, 2015 to December 1, 2015 at Corrigan Correctional Institution ("Corrigan") and from December 3, 2015 to December 22, 2015 at MacDougall-Walker Correctional Institution ("MacDougall"). He also contends that "he has received threats that if he litigates this case or file[s] other cases he will be assaulted or killed by prison officials." Mot. Consideration, Intervention and Remedy, Doc. No. 63 at 4. He asks the Court to investigate his allegations regarding mail interference and to transport him to Court to meet with the Federal Bureau of Investigation and the Department of Justice.

The allegations in the motion are unrelated to the allegations in the Complaint [Doc. No. 1]. The allegations that remain in the case are related to Mr. Morgan's confinement at Carl Robinson and Osborn Correctional Institutions from July 2013 through May 2014. *See* Initial Review Order, Doc. No. 11.

Preliminary injunctive relief "is an extraordinary and drastic remedy . . . that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks omitted). In this Circuit the standard for injunctive relief is well established. To warrant preliminary injunctive relief, the moving party must demonstrate (a) that he or she will suffer "irreparable harm" in the absence of an injunction, and (b) "either (1) a likelihood of success on the merits or (2) sufficiently serious questions going to the merits [of the case] to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting preliminary injunctive relief." *Cacchillo v. Insmed, Inc.,* 638 F.3d 401, 405-06 (2d Cir. 2011) (internal quotation marks omitted).

The Second Circuit has held that an inmate's requests for injunctive and declaratory relief against correctional staff or conditions of confinement at a particular correctional institution become moot when the inmate is discharged or transferred to a different correctional institution. *See Shepherd v. Goord*, 662 F.3d 603, 610 (2d Cir. 2011) ("'In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory or injunctive relief against officials at that facility.'") *(quoting Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006)); *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can no longer be given or is no longer needed."). Mr. Morgan is no longer confined at Corrigan or MacDougall. He is

now incarcerated at Garner.  Thus, the relief sought by Mr. Morgan relating to conditions at Corrigan and MacDougall and to correctional employees who are not defendants in the case is no longer needed.

In addition, it would be inappropriate for the Court to grant a request for injunctive relief that is unrelated to the claims and the defendants in the Complaint.  *See De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945) (preliminary injunction appropriate to grant intermediate relief of "the same character as that which relief may be granted finally," but inappropriate where the injunction "deals with a matter lying wholly outside the issues in the suit."); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) ("a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action"); *Lewis v. Johnson*, No. 08-cv-482, 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for preliminary injunction based on actions taken by staff at Great Meadow Correctional Facility in 2010 where complaint alleged wrongdoing by staff at Franklin and Upstate Correctional Facilities in 2006 and 2007).  The Court notes that Mr. Morgan is litigating his claims regarding conditions of confinement at Corrigan and MacDougall from August 2015 to December 2015 in another case he filed in this Court in January 2016.  *See Morgan v. Semple*, Case No. 3:16-cv-225 (VAB).  Accordingly, the request seeking consideration, intervention and injunctive relief in connection with events that occurred at Corrigan and MacDougall from November to December 2015 is denied.

Mr. Morgan also asks the Court to reconsider his request that *pro bono* counsel be appointed to represent him in this case.  In April and July 2015, Mr. Morgan filed motions

for appointment of counsel. On August 24, 2015, the Court denied the motions on the ground that it could not determine whether it was likely that Mr. Morgan would succeed on the merits of his claims and on the ground that he had not made efforts to contact the Inmate Legal Aid Program with regard to any questions he had about litigating the case. *See* Ruling Pending Mots., Doc. No. 48. To the extent that Mr. Morgan seeks reconsideration of that ruling, the request is untimely and is denied. *See* Rule 7(c), D. Conn. L. Civ. R. ("Motions for Reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which relief is sought . . . .").

Even if the Court were to construe this motion as a renewed motion for appointment of counsel, Mr. Morgan has not shown that he cannot secure legal assistance on his own. He has recently filed a motion for leave to file an amended complaint with the assistance of an attorney from the Inmate Legal Aid Program.

The motion for consideration, intervention and remedy is denied to the extent that it seeks reconsideration of the Court's ruling denying his prior motion for appointment of counsel and to the extent that it could be construed as a renewed motion for appointment of counsel. Accordingly, the motion for consideration, intervention and remedy is denied in all respects.

**II.  Motion for Relief From Judgment and for Consideration and Objection to Motion for Extension of Time [Doc. No. 78] Defendants' Motion for Stay [Doc. No. 85]**

Plaintiff has filed a three-part motion. Defendants have filed a motion seeking to be relieved of the obligation to respond to Plaintiff's motion for relief from judgment and consideration.

Mr. Morgan first objects to Defendants' motion for extension of time to file a motion

4

for summary judgment. He claims that Defendants have had more than enough time to file a motion for summary judgment and that he would be prejudiced if the Court were to grant Defendants an extension of time to file a motion for summary judgment. The objection is overruled.

Mr. Morgan next complains about interference with legal mail. He informs the Court that a counselor at Garner is conspiring with the Attorney General's Office to withhold copies of docket sheets from cases filed in this Court that were sent to him by the Clerk. Mr. Morgan also contends that the same counselor has also failed to deliver to him a copy of a motion for extension of time filed by counsel for Defendants.

The counselor that Mr. Morgan refers to as having failed to deliver documents is not a defendant in this action. The allegations that remain in the case are related to Mr. Morgan's confinement at Carl Robinson and Osborn Correctional Institutions from July 2013 through May 2014, and do not involve claims of interference with legal mail. As indicated above, it would be inappropriate for the Court to grant a request for injunctive relief that is unrelated to the claims and the defendants in the complaint. *See De Beers Consol. Mines Ltd.,* 325 U.S. at 220; *Omega World Travel, Inc.*, 111 F.3d at 16; *Lewis*, 2010 WL 1268024, at *3. The Court will, however, direct the Clerk to re-send copies of the docket sheet from this case and the docket sheet from *Morgan v. Semple*, Case No. 3:16-cv-225 (VAB), to Mr. Morgan.

In his final request for relief, Mr. Morgan again asks the Court to reconsider appointing *pro bono* counsel to represent him in this action. Mr. Morgan claims that the Court has been unfair in denying his previous motions for counsel. In addition, he contends that the Court has not appointed him *pro bono* counsel in the last twenty years

and the Court is biased against him.

Previously, in this matter, on February 22, 2016, the Court denied Mr. Morgan's renewed motions for appointment of counsel because he had not shown that assistance was unavailable from the Inmates' Legal Aid Program.  *See* Ruling Pending Mots., Doc. No. 71 at 2.  The present motion was filed on March 15, 2016.  Any request for reconsideration of the Court's February 22, 2016 Ruling on his most recently filed motions for appointment of counsel is denied as untimely.

To the extent that the motion may be construed as a renewed motion for appointment of counsel, it is denied.  The fact that the Court has not regularly appointed counsel to represent Mr. Morgan in his various civil actions has no bearing on whether counsel should be appointed in this action.[1]  As indicated above, Mr. Morgan has not shown that he cannot secure legal assistance on his own.  An attorney from the Inmate Legal Aid Program has assisted him in filing a motion to amend the complaint.  *See* Mot. Amend, Doc. No. 88.  Furthermore, Mr. Morgan has moved for an extension of time to respond to Defendants' motion for summary judgment because he intends to ask counsel at Inmates' Legal Aid Program to assist him with his response.  The motion is denied to the extent that it is construed as renewed motion for appointment of counsel.

Defendants ask the Court to excuse them from responding to Plaintiff's motion for relief from judgment because they have moved for summary judgment.  Defendants' provide no basis for their motion.  Because the Court has denied the motion for relief from judgment and consideration in all respects and has overruled Plaintiff's objection to

---

[1] Furthermore, a review of cases filed by Mr. Morgan in this Court reflects that the Court did appoint *pro bono* counsel in at least one case within the last twenty years.  *See Morgan v. Meachum*, Case No. 3:93-cv-28 (AVC), Docket Entry 86.

Defendants' motion for extension of time, Defendants' motion seeking an order that any response to the motion for relief from judgment be stayed is denied as moot.

### III.     Motion for Consideration and Remedy [Doc. No. 80]

Mr. Morgan asks the Court to schedule a settlement conference.  He claims that he has made attempts to settle this case by sending offers of settlement to counsel for Defendants, but he has not received any responses to his offers.  Counsel for Defendants has recently filed a motion for summary judgment.  Thus, at this time, it does not appear that a settlement conference would be beneficial.

Mr. Morgan also states that he did not receive a copy of Defendants' Answer to the Complaint or their motion for extension of time to file a motion for summary judgment.  Mr. Morgan is unsure whether counsel for Defendants is sending him copies of the motions and other documents that she files with the Court.  Mr. Morgan suggests that it is also possible that prison officials at Garner who are responsible for the receipt and delivery of copies of motions filed in the case are not delivering the copies of motions and other documents filed by counsel for Defendants.  Neither prison official whom Mr. Morgan identifies as being involved in delivering copies of motions is a defendant in this case.  Furthermore, the case does not involve interference with legal mail.  For all of these reasons and the fact that Mr. Morgan has not alleged that he will suffer imminent harm if his request for injunctive relief is not granted, the motion is denied.

The Court directs counsel for Defendants to re-send a copy of the Answer to the complaint and a copy of the motion for extension of time to file summary judgment to Plaintiff.  In addition, counsel shall verify that the Answer and motion for extension of time are delivered to Plaintiff by prison officials at Garner and file a notice with the Court to that

effect.

## IV.     Motions for Default [Docs. Nos. 75, 76]

Mr. Morgan seeks to default Defendants for failure to plead. Defendants filed an answer to the Complaint on March 18, 2016. The motions for default are denied.

## V.      Motion for Extension of Time [Doc. No. 86]

Plaintiff seeks a four-month extension of time to file a response to the motion for summary judgment. Mr. Morgan states that he thinks it will take an attorney from the Inmate Legal Aid Program about 120 days to assist him in filing a response to the motion for summary judgment. The motion is granted in part. The Court will permit Mr. Morgan ninety days to file a response to the motion for summary judgment.

Mr. Morgan also states that he has not received a copy of the motion for summary judgment, the memorandum or its attached exhibits. Instead, he has only received the Court's notice of electronic filing indicating that the motion was filed. Counsel for Defendants shall verify with correctional officials at Garner that the motion for summary judgment, the memorandum in support and all exhibits and affidavits filed in support of the motion are in fact delivered to Mr. Morgan. Counsel shall file a notice with the Court confirming the date of delivery of these documents to Plaintiff.

## VI.     Motion to Submit Unsigned Affidavit [Doc. No. 81]

Defendants seek to submit the unsigned affidavit of Warden Chapdelaine in support of their motion for summary judgment. Counsel for Defendants indicates that Warden Chapdelaine was unable to sign her affidavit before the filing of the motion for summary judgment. The unsigned affidavit is not attached to the motion for leave to file it. Furthermore, counsel for Defendants has moved for leave to file the signed affidavit of

Warden Chapdelaine and the Court has granted her motion.  Accordingly, the motion to file the unsigned affidavit of Warden Chapdelaine is denied as moot.

## Conclusion

Plaintiff's Motion for Consideration, Intervention and Remedy [**Doc. No. 63**] is **DENIED**.  Plaintiff's Motion for Relief of Judgment or Order and for Consideration [**Doc. No. 78**] is **DENIED** and the Objection to Motion for Extension of Time [**Doc. No. 78**] is **OVERRULED**.  Defendants' Motion for Stay [**Doc. No. 85**] and Plaintiff's Motions for Default [**Docs. Nos. 75, 76**] are **DENIED**.  Plaintiff's Motion for Consideration and Remedy [**Doc. No. 80**] is **DENIED**.  Defendants' Motion to File Unsigned Affidavit of Warden Chapdelaine [**Doc. No. 81**] is **DENIED** as moot.  Plaintiff's Motion for Extension of Time [**Doc. No. 86**] to respond to the motion for summary judgment is **GRANTED** in part.  The Court will permit Plaintiff ninety days to file a response to the motion for summary judgment.  Plaintiff's response to the motion for summary judgment is due on or before July 22, 2016.

**The Court directs the Clerk to re-send a copy of the docket sheet from this case and a copy of the docket sheet from *Morgan v. Semple*, Case No. 3:16-cv-225 (VAB), to Plaintiff.**

**The Court directs counsel for Defendants to re-send a copy of the Answer to the Complaint and a copy of the motion for extension of time to file summary judgment to Plaintiff.  Counsel shall also verify whether the motion for summary judgment and the memorandum, exhibits and affidavits filed in support of the motion were previously delivered to Plaintiff.  If the motion and memo and its supporting documents were not delivered to Plaintiff, counsel shall make**

**arrangements for the delivery of those documents to Plaintiff. Counsel shall file a notice with the Court within fourteen days of the date of this order indicating the date or dates on which the Answer, motion for extension of time and motion for summary judgment and memorandum, affidavits and exhibits in support of the motion were delivered to Plaintiff by prison officials at Garner.**

**SO ORDERED** this 21st day of April, 2016, at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE