UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LLOYD GEORGE MORGAN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:14-cv-966(VAB) |
| | : | |
| JAMES E. DZURENDA, et al., | : | |
| Defendants. | : | |

### ORDER ON MOTIONS TO AMEND, MOTION FOR INJUNCTIVE RELIEF, AND MOTION TO RECTIFY

Plaintiff, Lloyd George Morgan, Jr., initiated this action by filing a civil rights complaint against twenty-one officials or officers employed by the State of Connecticut Department of Correction. ECF No. 1. On September 29, 2015, the Court dismissed multiple claims in the Complaint as to all defendants and a prison transfer claim against defendants Semple and Lewis and concluded that the case should proceed as to the Eighth Amendment claims of deliberate indifference to safety and failure to protect from harm and the First Amendment retaliation claim as well as state law claims of negligence and intentional infliction of emotional distress. *See* Initial Review Order, ECF No. 11.

On September 29, 2015, the Court also denied in part and granted in part the defendants' motion to dismiss. *See* Ruling Mot. Dismiss, ECF No. 53. On February 26, 2016, Defendants moved for an extension of time until April 1, 2016 to file their motion for summary judgment, ECF No. 73, which the Court granted on February 29, 2016, ECF No 74. Defendants then filed their motion for summary judgment on April 1, 2016. ECF No. 82

Before the Court are several of Mr. Morgan's pending motions. Mr. Morgan moves to amend the complaint, ECF No. 88; ECF No. 91, for injunctive relief, ECF No. 90, for acknowledgement of his objection to a motion for extension of time filed by the Defendants, and to rectify docket entries by the Clerk, ECF No. 77 (objecting to Defendants' motion for extension of

time to file summary judgment motion); ECF No. 92 (moving "to rectify" and moving to seek acknowledgment of his objection to Defendants' motion for extension of time).   For the reasons set forth below, the motions to amend and the motion to acknowledge/rectify are **DENIED** in their entirety and the motion for injunctive relief and the objection to Defendants' motion for extension of time are **DENIED** as moot.

## I.     Motion for Injunctive Relief, ECF No. 90

In his motion for injunctive relief, referred to as a motion for intentional interference in the docket, Mr. Morgan claims that prison officials at Garner Correctional Institution ("Garner") are interfering with his legal mail and requests that the Court order the officials to cease interfering with his mail.  ECF No. 90.

Because Mr. Morgan has now been discharged from prison, his motion for injunctive relief is moot.  "A case becomes moot when interim relief or events have eradicated the effects of the defendant's act or omission, and there is no reasonable expectation that the alleged violation will recur."  *Van Wie v. Pataki*, 267 F.3d 109, 113 (2d Cir. 2001); *see also Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) (explaining that case or controversy is moot when "relief sought can no longer be given or is no longer needed").  Thus, an inmate's requests for injunctive and declaratory relief against correctional staff or conditions of confinement at a particular correctional institution become moot when the inmate is discharged or transferred to a different correctional institution.  *See Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2011) ("In this circuit, an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility."); *see also Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the

2

transferring facility.") (per curiam); *Young v. Coughlin*, 866 F.2d 567, 568 n.1 (2d Cir. 1989)

("Since Young is no longer incarcerated at Auburn, but was transferred to Attica Correctional

Facility, his claim for declaratory and injunctive relief is moot.").  Moot claims must be dismissed.

*See N.Y. City Employees' Ret. Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992) ("A moot

action therefore must be dismissed, even if the case was live at the outset but later events rendered it

moot.")

Prison officials have discharged Mr. Morgan from prison.  He now resides in New Haven,

Connecticut.  *See* ECF No. 102.  Thus, he cannot obtain the injunctive relief he seeks with regards

to conditions of confinement at Garner.  To the extent that Mr. Morgan seeks injunctive relief, the

request is denied as moot.

Mr. Morgan's motion for injunctive relief also includes a request for appointment of

counsel.  See Motion at 1-2, ECF No. 102.  A review of the motion for leave to amend and response

to the Defendants' motion for summary judgment reflects that an attorney from the Inmates' Legal

Aid Program is assisting Mr. Morgan in litigating this case.  ECF No. 88; ECF No. 91; ECF No.

100.  Accordingly, the motion is denied to the extent that it seeks the appointment of counsel.  The

motion to deter intentional interference is therefore denied in all respects, both as to the requested

injunctive relief and as to the request for appointment of counsel.

## II.     Motion to Rectify/Seeking Acknowledgement of Objection, ECF No. 92; Objection to Motion for Extension of Time, ECF No. 77

On April 27, 2016, Mr. Morgan filed a motion seeking to draw the Court's attention, ECF

No. 92, to the objection that he filed on March 15, 2016 to the Defendants' February 26, 2016

motion for extension of time, ECF No. 77.   The Court had already, on February 29, 2016, granted

the defendants' motion for extension of time until April 1, 2016 to file a motion for summary

judgment.  ECF No. 74.  Defendants filed their motion for summary judgment on April 1, 2016.

ECF No. 82.

The Clerk of the Court had docketed Mr. Morgan's March 15, 2016 motion objecting to the

Defendants' request for an extension of time as two separate motions: the objection to the motion

for extension of time, ECF No. 77, and a motion for relief from judgment because the motion also

contained a separate request for appointment of counsel and allegations that the Court was biased

against him and had not been fair in denying previous requests for appointment of counsel, ECF No.

78.  On April 21, 2016, the Court denied the motion, ECF No. 78, seeking relief from judgment and

Mr. Morgan's request for appointment of counsel.  *See* ECF No. 89.

The objection to the motion for extension of time, ECF No. 77, is now denied as moot.  As

explained above, when a motion or claim seeks relief that "can no longer be given or is no longer

needed," the claim is moot.  *See Martin-Trigona*, 702 F.2d at 386.  As Defendants have already

filed their motion for summary judgment, ECF No. 82, the objection to the motion for extension of

time to file that motion for summary judgment is necessarily moot.  To the extent that Mr. Morgan's

motion to rectify, ECF No 92, seeks to direct the Court's attention to the objection to the motion for

extension of time, it is denied as moot.

Mr. Morgan's motion to rectify also contends that members of the Clerk's office staff are

not docketing his many motions properly and asks the Court to rectify these alleged errors.  ECF

No. 92.  Mr. Morgan claims that staff members are not reading his motions thoroughly, are biased

and are "just intentionally denying mostly any and all the plaintiff motion possibly because the

plaintiff is poorly trained and not properly educated at law and have sloppy handwriting."   Mot.

Rectify at 2, ECF No. 92.  There is no evidence of improper docketing or bias on the part of the

Clerk's office staff.  Furthermore, members of the Clerk's office staff have not ruled on Mr.

Morgan's motions.  Instead, the Court has done so.

Mr. Morgan also complains that he is confused by docket entries, such as ECF No. 89, that

reference a ruling addressing multiple motions filed by him.  When a ruling addresses multiple

motions, the docket entry reflects the disposition of each motion.  If the plaintiff in the case is an

inmate, a member of the Clerk's office staff e-mails the docket entry, or the Notice of Electronic

Filing, to the inmate at his or her place of confinement on file with the Court under the Standing

Order on Prisoner Electronic Filing Program.  *See* ECF No. 46.  A member of the Clerk's office

staff also mails a copy of the ruling disposing of the motions to the inmate.  The docket reflects that

a docket clerk mailed a copy of the ruling addressing various motions, ECF No. 89, to Mr. Morgan

on April 25, 2016.  Accordingly, Mr. Morgan's motion is denied to the extent that it seeks to

"rectify" any alleged errors on the part of Clerk's office staff.  Mr. Morgan's motion to rectify, ECF

No. 92, is therefore denied in its entirety.

III.    **Motions to Amend/Correct, ECF Nos. 88, 91**

Mr. Morgan seeks to file an amended complaint.  ECF No. 88; ECF No. 91.  The two

motions to amend appear to be identical.  The Defendants object to the motions on the ground that

permitting Mr. Morgan leave to amend would prejudice them and significantly delay the action in

view of the fact that they filed a motion for summary judgment on April 1, 2016.  ECF No. 93.

As indicated above, on September 23, 2015, the Court granted in part and denied in part the

defendants' motion to dismiss.  *See* Ruling Mot. Dismiss, ECF No. 53.  Thus, the following claims

remain pending against the Defendants in their individual capacities: (1) the January 2014 failure to

protect claim against Defendants Godding, Chapdelaine, McCormick, Lindsey and Correctional

Officer Maldonado; (2) the claim that Defendants Gonzalez, Torres, Ulm, Leiper and Clayton were deliberately indifferent to Mr. Morgan's safety when they called him a snitch in front of other inmates; (3) the claim that Defendants Lizon, Wright, Warden Maldonado, Manning, Ott, Barone, Dzurenda, Semple, Lewis and Quiros failed to take any action to protect Mr. Morgan from potential harm as a result of the conduct of Defendants Gonzalez, Torres, Ulm, Leiper and Clayton; (4) the specific claims of retaliation against Defendants Whidden and Warden Maldonado; and (5) the state law claim for intentional infliction of emotional distress. *See id.* at 17, 22.

Rule 15(a)(1) of the Federal Rules of Civil Procedure provide that a plaintiff may amend his complaint once as of right "within: (A) 21 days after serving [the complaint], or (B) . . . [within] 21 days after service of a responsive pleading or 21 days after service of a motion" to dismiss, "whichever is earlier." Fed. R. Civ. P. 15(a)(1). The Defendants filed their motion to dismiss on February 17, 2015. ECF No. 38. Mr. Morgan's motions for leave to amend were filed on April 12 and April 26, 2016. ECF No. 88; ECF No. 91. Because the motions for leave to amend were filed more than twenty-one days after the filing of the motion to dismiss, Mr. Morgan "may amend [his] pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). As Defendants object to Mr. Morgan's motion for leave to amend the complaint, ECF No. 93, he must have the Court's permission to do so.

After the time to amend as of right has passed, "[t]he court should freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). In considering whether to grant a party leave to amend under Rule 15(a)(2), the court considers factors such as "undue delay, bad faith, or dilatory motive on the part of the movant," "undue prejudice to the opposing party," and the "futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Milanese v. Rust–*

*Oleum Corp.*, 244 F.3d 104, 110 (2d Cir.2001); *Hinds Cty., Miss. v. Wachovia Bank N.A.*, 291 F.R.D. 73, 74 (S.D.N.Y. 2013).

Mr. Morgan does not explain why he now seeks leave to file an amended complaint.  As a preliminary matter, the Court observes that the factual allegations in the proposed amended complaints attached to the motions to amend are largely identical to the allegations in the complaint that relate to the claims that remain in this action after the ruling on the motion to dismiss. A review of paragraphs one and four of the proposed amended complaints also reveals the inclusion of new federal and state law claims.  Thus, the Court liberally construes Mr. Morgan's motion as a request to file an amended complaint to add a claim under the Fourth Amendment, claims under 42 U.S.C. §§ 1985 and 1986 ("Section 1985" and "Section 1986") and claims under 18 U.S.C. §§ 1961-1968, the Racketeer Influenced and Corruption Organizations Act ("RICO").[1]  In addition, Mr. Morgan also seeks to add a state law claim under Connecticut General Statutes § 46a-58(a).

As indicated above, the Court ruled on Defendants' motion to dismiss on September 29, 2015.  ECF No. 53.  Mr. Morgan provides no explanation for not filing his motion to amend until April 2016.  At the time Mr. Morgan filed his motion to amend, the deadline for completing discovery had passed and Defendants had already filed a motion for summary judgment.  As a result, the addition of new claims would likely delay the disposition of this case.  For these reasons alone, the motions to amend should be denied.  *See Grochowski v. Phoenix Const.*, 318 F.3d 80, 86

---

[1]  Mr. Morgan also includes a reference to 28 U.S.C. § 1337 in the jurisdictional paragraphs of the proposed amended complaints.  The court assumes that this reference was included by mistake as section 1337 provides that "district courts shall have original jurisdiction of any civil action . . . arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."  28 U.S.C. § 1337(a).  Clearly, this action does not involve a claim related to commerce or trade.  Thus, there would be no basis to permit Mr. Morgan to add claims under this federal statute.

(2d Cir. 2003) (finding no abuse of discretion where district court denied motion to amend that plaintiffs filed after "discovery had been completed and a summary judgment motion was pending").

The Court will, nonetheless, also consider the claims that Mr. Morgan, a *pro se* litigant, seeks to add to this action. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) ("It is well established that the submissions of a pro se litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'"); *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (explaining that pro se litigants should be afforded "special solicitude" because they are not represented by counsel). As discussed below, allowing Mr. Morgan to file the proposed amended complaint would be futile, as he fails to plead a viable cause of action for any of the new claims, and this factor also warrants the denial of his motion for leave to amend. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339 (2d Cir. 2000) ("Where the amended portion of the complaint would fail to state a cause of action, however, the district court may deny the party's request to amend.").

### A.      Fourth Amendment

In the introductory paragraph of the proposed amended complaints, Mr. Morgan states that he is asserting violations of his rights guaranteed by the First, Fourth, Eighth and Fourteenth Amendments to the Constitution.  Mr. Morgan did not actually include a claim of a violation of his Fourth Amendment rights in the body of the complaint.

The Fourth Amendment protects "[t]he right of the people . . . against unreasonable searches and seizures."  U.S. Const. amend. IV.  Mr. Morgan's factual allegations involve only claims that prison officials were allegedly indifferent to his complaints about threats to his safety from alleged

gang members in prison, and these allegations involve nothing resembling a search or seizure. Thus, there are no facts to support a plausible claim under the Fourth Amendment.  The Court therefore denies the motion to amend to the extent that Mr. Morgan seeks to add a Fourth Amendment claim.  *See Parker*, 204 F.3d at 339 (explaining that if proposed amended of the complaint "would fail to state a cause of action" the request to amend may be denied as futile).

**B.      Sections 1985 and 1986**

Although Mr. Morgan includes 42 U.S.C. § 1985 and 42 U.S.C. § 1986 in the jurisdictional paragraphs of the proposed amended complaints, he does not otherwise mention these statutes in the body of the amended complaints.  The first two subsections of Section 1985 are clearly not relevant to this action.  Section 1985(1) prohibits conspiracies to "prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof," in short, to prevent a federal official from performing their duties.  42 U.S.C. § 1985.  Section 1985(2) prohibits conspiracies "to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully."  42 U.S.C. § 1985.  Mr. Morgan is not a federal official and his claims are not related to the participation of witnesses in judicial proceedings.  Thus, neither Section 1985(1) nor Section 1985(2) are applicable to any of his claims.

**1.      Section 1985(3)**

In order to state a claim under Section 1985(3), Mr. Morgan must allege that: (1) the Defendants were part of a conspiracy; (2) the purpose of the conspiracy was to deprive "either directly or indirectly, any person or class of persons of equal protection of the laws, or of equal

privileges and immunities under the laws;" (3) an overt act "in furtherance of the conspiracy;" and (4) an injury to "his person or property" or a deprivation of his rights. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087-88 (2d Cir. 1993) (listing elements of Section 1985(3) claim). Furthermore, in order to make a viable Section 1985(3) claim, Mr. Morgan must also show that the conspiracy was motivated by "some racial or perhaps otherwise class-based, invidiously discriminatory animus." *Id.* at 1088 (internal quotation marks omitted). Section 1985(3) may not be construed as a "general federal tort law" and is certainly not "intended to apply to all tortious, conspirational interferences with the rights of others." *Griffin v. Breckinridge*, 403 U.S. 88, 101 (1971). Instead, Section 1985(3) only covers actions involving an "intent to deprive of equal protection," requiring "discriminatory animus," and does not provide a cause of action based on the denial of due process or other constitutional rights. *Id.* at 101-02

The proposed amended complaints includes two new factual allegations. Mr. Morgan claims that, in January 2014, Warden Maldonado denied his request to be placed into protective custody "due to racial discrimination and in retaliation for filing grievances and lawsuits." *See* Proposed Am. Compls., ECF Nos. 88-1, 91-1 at 11. Mr. Morgan asserts no facts, however, to support a claim of Mr. Maldonado conspiring with any other person to deny Mr. Morgan's requests. Nor are there facts to suggest that Warden Maldonado made his decision because of Mr. Morgan's race or any other discriminatory purpose. Rather, Mr. Morgan simply concludes, without support, that the decision to deny him protective custody must have been due to his attempts to exercise his First Amendment rights and because of his race. Mr. Morgan's conclusory and unsupported claim of racial discrimination does not state a plausible claim under Section 1985(3). *See Gyadu v. Hartford Ins. Co.*, 197 F.3d 590, 591 (2d Cir. 1999) (per curiam) (holding that plaintiff's vague

10

reference to "conspiracy and hints at some tenuous link between this 'conspiracy' and the fact that [plaintiff] is black" constituted "conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights" that failed to state claim under Section 1985(3) capable of surviving motion to dismiss).

Mr. Morgan's second new allegation is a claim pertaining to the alleged assault on him by Inmate Rodriguez on January 5, 2014. Mr. Morgan alleges that Inmate Rodriguez stated that he engaged in the assault because Mr. Morgan was a snitch and because he was a homosexual. Mr. Morgan claims that he was "discriminated against for being openly gay and assaulted and gay bashed by [Inmate] Rodriguez" on January 5, 2014. *See* Proposed Am. Compls., ECF Nos. 88-1, 91-1 at 10. As alleged, Mr. Morgan appears to assert that Inmate Rodriguez discriminated against him on the basis of his sexual orientation. Inmate Rodriguez is not a defendant in this action. Nor is he a state actor. Furthermore, to the extent that Mr. Morgan is alleging that the Defendants conspired to discriminate against him on the basis of his sexual orientation, he alleges no facts that support this claim. The court concludes that Mr. Morgan has not stated a plausible claim under Section 1985(3) of a conspiracy to deprive him of rights based on his sexual orientation.

Additionally, Mr. Morgan fails to explain why this claim could not have been asserted in his original complaint. Adding such a claim at this point, when discovery has been completed and Defendants' summary judgment motion is pending, would unnecessarily delay this action and likely prejudice the Defendants. Accordingly, justice does not require the court to permit Mr. Morgan to amend the complaint to add this claim. *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008) (although Rule 15 provides that "leave to amend should be granted when justice so requires," leave to amend "should generally be denied in instances of futility, undue delay, bad

11

faith or dilatory motive. . . or undue prejudice to the non-moving party") (internal quotation marks omitted); *Grochowski*, 318 F.3d at 86 (affirming denial of motion to amend filed after "discovery had been completed and a summary judgment motion was pending").

        **2.**        **Section 1986**

Section 1986 provides no substantive rights. "A valid § 1986 claim must be predicated upon a valid § 1985 claim." *Mian*, 7 F.3d at 1088 (2d Cir. 1993) (citation omitted). Because, as discussed above, Mr. Morgan has not stated a Section 1985 claim, his Section 1986 claim is also not actionable. *See* 28 U.S.C. § 1915A(b)(1). Justice does not require the Court to permit Mr. Morgan to add a claim under Section 1986 because adding such a claim would then be futile. *See Parker*, 204 F.3d at 339 (2d Cir. 2000) (concluding that leave to amend need not be granted if amendment would be futile).

       **C.**        **RICO Act Claims**

The jurisdictional paragraphs of the proposed amended complaints also include a statement that the Court's jurisdiction arises under *inter alia* "42 U.S.C. 1961-1968" or RICO. Proposed Am. Compls., ECF Nos. 88-1, 91-1 at 2. RICO, 18 U.S.C. § 1961 *et seq.,* creates a private right of action for treble damages for "[a]ny person injured in his business or property by reason of a violation of section 1962 of this chapter." 18 U.S.C. § 1964(c). Under the statute, to state a valid claim for damages under RICO, a plaintiff must allege both that the defendant has violated the substantive RICO statute, 18 U.S.C. § 1962, and that he was "injured in his business or property by reason of a violation of section 1962." *Id.* Section 1962 contains four subsections that set forth the criminal activities prohibited under RICO. *See* 18 U.S.C. § 1962(a)-(d).

In order to state a violation of any of the four subsections, a plaintiff must plausibly allege, in their complaint, that a defendant conspired to engage in or did engage in a pattern of at least two acts of racketeering activity. *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) ("To establish a substantive RICO violation, a plaintiff must show a pattern of racketeering activity, and to establish a RICO conspiracy, a plaintiff must show a conspiracy to commit a substantive RICO violation.  Thus, under any prong of § 1962, a plaintiff in a civil RICO suit must establish a pattern of racketeering activity." (internal quotation marks omitted)) (citing *GICC Capital Corp. v. Tech. Fin. Grp., Inc.*, 67 F.3d 463, 465 (2d Cir. 1995)).  "The acts of racketeering activity that constitute the pattern must be among the various criminal offenses listed in 18 U.S.C. § 1961(1), and they must be related, and [either] amount to or pose a threat of continuing criminal activity." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (internal quotation marks and citation omitted).

Mr. Morgan has not alleged that his business or property has been injured or that the defendants committed one or more of the federal or state law crimes included in the definition of "racketeering activity" set forth in 18 U.S.C. § 1961(1).  Thus, Mr. Morgan has asserted no facts to support a civil RICO claim.  The request to amend to add such a claim is denied. *See Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (a proposal to amend a complaint is futile if the proposed amendment would fail to state a claim upon which relief could be granted).

**D.**      **Connecticut Common Law and General Statutes § 46a-58(a)**

Mr. Morgan asserts that he seeks to pursue state law claims arising under Connecticut General Statutes § 46a-58(a), as well as under common law, in order to remedy acts of retaliation

and violations sounding in tort.  Proposed Am. Compls., ECF Nos. 88-1, 91-1 at 1.  Mr. Morgan

alleges that he suffered mental anguish and emotional distress as well as physical injuries as a result

of the unlawful conduct of the defendants.  Connecticut General Statutes 46a-58(a) provides:

> It shall be a discriminatory practice in violation of this section for any person to
> subject, or cause to be subjected, any other person to the deprivation of any rights,
> privileges or immunities, secured or protected by the Constitution or laws of this
> state or of the United States, on account of religion, national origin, alienage,
> color, race, sex, gender identity or expression, sexual orientation, blindness or
> physical disability.

Conn. Gen. Stat. Ann. § 46a-58.  There is no private right of action under this statute.  *See Wilson v.*

*City of Norwalk*, 507 F. Supp. 2d 199, 212 (D. Conn. 2007) ("[T]here is no private right of action

under C.G.S. § 46a-58."); *Garcia v. Saint Mary's Hosp.*, 46 F. Supp. 2d 140, 142 (D. Conn. 1999)

("Connecticut General Statutes Section 46a–58 does not provide for a private cause of action under

such statute. Section 43a–58 claims can only be prosecuted through the CHRO's administrative

procedures.").  Justice does not, therefore, require the Court to permit Mr. Morgan to assert a claim

for which there is no private right of action.  Thus, the motion to amend to add that claim for relief

is denied.

　　　　With regard to Mr. Morgan's request to proceed as to Connecticut common law claims, the

claim of intentional infliction of emotional distress remains pending in this case.  *See* Ruling Mot.

Dismiss, ECF No. 53 at 17 n. 1 ("The state law claim for intentional infliction of emotional distress

thus remains.").  Mr. Morgan does not include a description or explanation of any other violations

of common law.  To the extent that Mr. Morgan is attempting to add a claim of negligent infliction

of emotional distress, the request is denied.  The Court has already dismissed Mr. Morgan's claim

of common law negligence on statutory and sovereign immunity grounds.  *See id.* at 17.

Accordingly, the Court will not permit Mr. Morgan to assert a claim of negligent infliction of

emotional distress, as such an amendment would be futile.  *See Dougherty*, 282 F.3d at 88 (a proposal to amend a complaint is futile if the proposed amendment would fail to state a claim upon which relief could be granted).

For all of the reasons set forth above, Mr. Morgan's motions for leave to file an amended complaint are denied in all respects.

## IV.    Conclusion

The Objection, **ECF No. 77**, to the defendants' February 26, 2016 motion for extension of time, **ECF No. 73**, is **DENIED** as moot.  The Motion to Rectify and Seeking Acknowledgment of Objection, **ECF No. 92**, and the Motion for Intentional Interference, **ECF No. 90**, are **DENIED** in all respects.  The Motions to Amend/Correct, **ECF No. 88; ECF No. 91**, are **DENIED** in all respects.

SO ORDERED at Bridgeport, Connecticut this 18th day of November, 2016.

  /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge

15